## STATE v. ROBINSON.
No. 76-4455 C.
Circuit Court, Broward County.
April 10, 1978.

David G. Vinikoor, Assistant State Attorney, for the state.

Peter D. Aiken, Fort Lauderdale, for the defendant.

THOMAS M. COKER, Jr., Circuit Judge.

*Order, April 10, 1978:* This cause coming on to be considered at a continued hearing commenced on the date of sentencing in the above entitled cause, the continuation having been requested by the defendant; and

This court having previously participated in various and sundry pretrial motions, as well as having conducted the jury trial had and held herein; and

The court having been impressed with the inordinate amount of investigative effort having been required herein, involving hundreds of hours of surveillance by the Hollywood Police Department and other law enforcement agencies; and

The court having acquired the feeling that malefactors should share in the costs of police investigations; and

This court having jurisdiction to impose a fine of $5,000 per count in addition to incarceration provided by statute; and

Florida Statute 775.082 (7) provides for the imposition of a civil penalty, and Florida Statute 939.01 provides for imposition of costs for prosecution; and

This court having duly considered same, and having heard argument of counsel, it is hereby ordered and adjudged that —

1. This court retains jurisdiction for the purpose of determining the amount of the civil penalty hereinbefore imposed on the date of sentencing.

2. A civil penalty is hereby imposed upon the defendant in the amount of $20,000 in favor of the Hollywood Police Department, Organized Crime Unit.

*Order, April 10, 1978:* This cause coming on to be heard on defendant's motion for return of property, to-wit: thirteen fully loaded firearms seized at the time of the arrest in the above-entitled cause, and after hearing argument of counsel, and being fully informed in the premises, the court finds that —

1. The defendant now stands as a convicted felon; and

2. There has been no showing of proprietary interest in the property; and

3. The premises considered, the defendant ought not to have possession of these firearms.

Accordingly, and having so found, it is hereby ordered and adjudged that the motion for return of property be, and the same is hereby denied.